**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARC BROOKS, | : | |
| Petitioner, | : | CIVIL ACTION |
| | : | No. 13-6805 |
| v. | : | |
| GERALD L. ROZUM, et al., | : | |
| Respondents. | : | |

**July 28, 2022** **Anita B. Brody, J.**

## EXPLANATION

In 2008, Petitioner Marc Brooks was found guilty in Pennsylvania state court of involuntary deviate sexual intercourse by forcible compulsion, involuntary deviate sexual intercourse by threat of forcible compulsion, involuntary deviate sexual intercourse with a child, sexual assault, indecent assault by lack of consent, indecent assault by forcible compulsion, indecent assault of a child, indecent assault by threat of force, and endangering the welfare of a child. Brooks was sentenced to an aggregate term of 22½ to 40 years of imprisonment.

In 2013, Brooks filed a petition for habeas corpus relief in federal court. On December 3, 2014, this Court approved and adopted the Report and Recommendation of Magistrate Judge Thomas J. Reuter and denied the petition for writ of habeas corpus and declined to issue a certificate of appealability. Brooks appealed the denial of his habeas corpus petition to the Third Circuit and filed a petition for a certificate of appealability. On July 9, 2015, the Third Circuit issued a dispositive order that denied Brooks' application for a certificate of appealability.

In 2021, more than six years after the Third Circuit declined to issue a certificate of appealability, Brooks filed the present motion for relief from final judgment pursuant to Rule 60(b)(6) and Rule 60(d)(1) and (3). For the below reasons, I will deny Brooks' motion.

## I. LEGAL STANDARD

Rule 60(b)(6) is a catch-all provision that enables a court to vacate a judgment in situations not addressed by the other five provisions of Rule 60(b). *Budget Blinds, Inc. v. White*, 536 F.3d 244, 254 (3d Cir. 2008). "Relief under Rule 60(b)(6) may only be granted under extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993). Moreover, all motions filed pursuant to Rule 60(b) must be made within a reasonable time. Fed. R. Civ. P. 60(c)(1).

Rule 60(d)(1) enables a court to "entertain an independent action to relieve a party from a judgment, order, or proceeding." Fed. R. Civ. P. 60(d)(1). Rule 60(d)(1) is "available only to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998). Rule 60(d)(3) enables a court to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). A court may set aside a judgment for fraud on the court "when an officer of the court has engaged in egregious misconduct. . . . [S]uch a finding must be supported by clear, unequivocal and convincing evidence . . . . In addition, fraud on the court may be found only where the misconduct at issue has successfully deceived the court." *In re Bressman*, 874 F.3d 142, 150 (3d Cir. 2017) (internal quotation marks omitted).

## II. DISCUSSION

Brooks argues that his motion for relief from judgment should be granted because the district court did not address all issues embodied in the sufficiency of the evidence claim that he raised in his habeas petition. Specifically, Brooks argues that the court ignored his arguments that there was insufficient evidence to convict him because (1) the Commonwealth did not establish the dates of the offenses with sufficient specificity, and (2) the alleged victims, who

only testified by closed circuit television, did not identify him. Brooks further argues that under Rule 60(d) he has a right to relief because the prosecution committed a fraud on the court by identifying Brooks as the perpetrator of the crime even though the Pennsylvania Superior Court claimed identification was impossible.

The government contends that Brooks' motion should be denied because it attacks the court's previous resolution of the claims on the merits and should be characterized as a successive habeas petition. *See* 28 U.S.C. § 2255(h) (a successive habeas petition may only be filed with permission of the appropriate court of appeals). Brooks' main contention, however, is that this Court erred by failing to address arguments raised in his habeas petition. Thus, his motion challenges a "defect in the integrity of the federal habeas proceedings," and is not a successive habeas petition.[1] *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). Therefore, the Court must address it.

Brooks cannot succeed on his motion. "The district court is without jurisdiction to alter the mandate of this court on the basis of matters included or includable in defendants' prior appeal." *Seese v. Volkswagenwerk, A.G.*, 679 F.2d 336, 337 (3d Cir. 1982); *see also Warren v. Superintendent Forest SCI*, No. 17-2065, 2017 WL 5484778, at *1 (3d Cir. Aug. 10, 2017) (denying request for a certificate of appealability for a Rule 60(b) motion because petitioner could have presented the arguments he made in his Rule 60(b) motion in his appeal from the district court's denial of his habeas petition). In this case, all of Brooks arguments could have been raised on appeal. Brooks failure to raise these concerns in his petition for a certificate of appealability does not entitle him to raise them for the first time now. Brooks motion for relief

[1] To the extent that Brooks raises arguments that are not related to a defect in his federal habeas proceeding, which he appears to do at times, his motion must be construed as a successive petition. These arguments unrelated to a defect in his federal habeas proceeding are unauthorized and will not be considered.

from judgment must be denied because the arguments he raises were includable in his prior appeal. Moreover, because Brooks could have raised these arguments on appeal more than six years ago, Brooks has not demonstrated the required prerequisites to granting relief under Rule 60(b)(6) or Rule 60(d)(1) that "extraordinary circumstances" exist or that his motion must be granted "to prevent a grave miscarriage of justice."[2] Furthermore, while Brooks mentions in his reply that the prosecutor committed a fraud on the court, Brooks is not entitled to relief under Rule 60(d)(3) because he has not established by clear and convincing evidence that the prosecutor engaged in "egregious misconduct" that successfully deceived the court.

**III. CONCLUSION**

I will deny Brooks' motion for relief from final judgment pursuant to Rule 60(b)(6) and Rule 60(d)(1) and (3). I will not issue a certificate of appealability because Brooks has not established "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

s/ANITA B. BRODY, J.
ANITA B. BRODY, J.

Copies **VIA ECF**

[2] Additionally, Brooks cannot succeed on his Rule 60(b)(6) motion because he waited more than six years after the Third Circuit denied his certificate of appealability to file his motion. Thus, it was not made within a reasonable time, a requirement for all motions filed under Rule 60(b). *See Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1348 (3d Cir. 1987) (holding that a motion under Rule 60(b)(6) was not made within a reasonable time when the petitioner delayed almost two years before bringing the motion).